# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **218 7th STREET SE LLC**,<br><br>    *Plaintiff*,<br><br>v.<br><br>**SCHOOL OF SMIZE LLC**, *et al.*,<br><br>    *Defendants*. | Civil Action No.: 1:25-cv-03625-ABJ |

### DECLARATION OF STEVEN J. WILLNER IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

I, STEVEN J. WILLNER, am over the age of 18 and competent to testify to the following:

1. I am a Principal of the law firm Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. (the "**Firm**") and serve as counsel of record in the above-captioned action for Defendants School of Smize LLC, Tyra Banks, and Louis Martin (collectively "**Defendants**").

2. I submit this Declaration in support of Defendants' Motion for Sanctions.

3. I am an attorney duly admitted to practice law in this Court, having been admitted to practice in this Court on September 6, 2022.

4. I attended the University of Mayland Francis King Carey School of Law and graduated with a Juris Doctor in July 2014. I was then admitted to the bar of the State of Maryland on June 16, 2015 and thereafter admitted to the bar of the District of Columbia on February 5, 2018. I am in good standing with each of these bars.

5. I have been assisted in this case by Nicole M. Hardman (formerly Barnard), Esq., another Principal of the Firm. Ms. Hardman attended the University of Mayland Francis King Carey School of Law and graduated with a Juris Doctor in May 2014. She was admitted to the

Maryland bar on December 16, 2014 and was thereafter admitted to the District of Columbia bar on February 5, 2018.  Her application for admission in this Court, filed on or about October 22, 2025, is currently pending, with her admission ceremony presently scheduled for February 2, 2026.

6. Attached as <u>Exhibit 3</u> to the Motion for Sanctions is a true, correct, and authentic Statement of Account (the "**Statement of Account**") itemizing fees and expenses incurred by Defendants to date for the Firm's services rendered in connection with the preparation and filing of (i) Defendants' Motion to Dismiss previously filed in this action, and (ii) the instant Motion for Sanctions.  These amounts, of course, do not include future fees and expenses the Firm will charge for any further services rendered in connection with the Motion for Sanctions, if any.

7. The Statement of Account includes detailed descriptions of the work performed by me and Ms. Hardman, broken down by hours or fractions thereof expended on each task.  The Statement of Account further sets forth the amounts and rates charged by the Firm for the work performed by me and Ms. Hardman as described therein.

8. The time entries listed in the Statement of Account were created by the attorney who performed each task at or near the time of the tasks described in the time entries, and the expense entries set forth therein were similarly created by Firm personnel at or near the time the expense was incurred.

9. The Statement of Account and time and expense entry records therein were made and kept in the course of the Firm's regularly conducted business activity.  It is the regular practice of the Firm to make and keep such statements of accounts and time and expense entry records.  There are no circumstances that would otherwise indicate that these records lack trustworthiness, as they were properly kept and maintained in accordance with the Firm's regular procedures.

10. The rates charged by the Firm as set forth in the Statement of Account are the rates that the Firm customarily charged clients for work performed by the attorneys identified in such records during the time periods covered by such records.

11. To the best of my knowledge, information, and belief, the rates charged by the Firm as set forth in the Statement of Account are similar to (or below) rates customarily charged for similar legal services by firms in Baltimore City (where the Firm is located) similar in size to the Firm and by attorneys with similar experience.

12. The charts below summarize the total hours expended and the hourly rates charged by the Firm for services rendered in connection with the Motion to Dismiss and the Motion for Sanctions to date:

| | *MOTION TO DISMISS* | | |
|---|---|---|---|
| | **Hourly Rate** | **Hours Worked** | **Lodestar** |
| **Steven J. Willner** | $440 | 26.1 | $11,484.00 |
| **Nicole M. Hardman** | $435 | 62.1 | $27,013.50 |
| **TOTAL** | | **88.2** | **$38,497.50** |

| | *MOTION FOR SANCTIONS* | | |
|---|---|---|---|
| | **Hourly Rate** | **Hours Worked** | **Lodestar** |
| **Steven J. Willner** | $440 | 26.7 | $11,748.00 |
| **Nicole M. Hardman** | $435 | 1.2 | $522.00 |
| **TOTAL** | | **27.9** | **$12,270.00** |

| **GRAND TOTAL** | | **116.1** | **$50,767.50** |
|---|---|---|---|

13. Based on my experience and background, it is my opinion that the total hours expended and hourly rates charged for the Firm's services in connection with the Motion to Dismiss and the Motion for Sanctions are fair and reasonable. It is also my opinion that the work performed and services rendered by the Firm were reasonably necessary and appropriate to effectively represent Defendants in connection with the Motion to Dismiss and Motion for Sanctions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 9, 2026.

>  */s/      Steven J. Willner*
> Steven J. Willner (Bar No. 888230698)
> **NEUBERGER QUINN GIELEN RUBIN & GIBBER, P.A.**
> One South Street, 27th Floor
> Baltimore, Maryland 21202
> Telephone:    (410) 332-8550
> Facsimile:    (410) 332-8594
> sjw@nqgrg.com