UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **218 7th STREET SE LLC**<br>218 7th Street SE,<br>Washington, D.C. 20003<br><br>                    *Plaintiff*<br><br>     v.<br><br>**SCHOOL OF SMIZE LLC**<br>10960 Wilshire Blvd., 5th Floor<br>Los Angeles, CA 90024<br><br>**TYRA BANKS**<br>10960 Wilshire Blvd., 5th Floor<br>Los Angeles, CA 90024<br><br>**LOUIS MARTIN**<br>10960 Wilshire Blvd., 5th Floor<br>Los Angeles, CA 90024<br><br>                    *Defendants* | Civil Case No. 1:25-cv-3625 |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff 218 7th Street SE LLC, by and through its undersigned counsel, hereby submits this Surreply in Opposition to Defendants' Motion for Sanctions and in response to arguments raised for the first time in Defendants' Reply.

**INTRODUCTION**

1. Plaintiff has been granted leave to file this 4-page Surreply in Opposition to Defendants' Motion for Sanctions to address four issues raised for the first time in Defendants' Reply: (1) that Plaintiff relied "entirely" or "wholesale" on a single January 2025 media article to

support jurisdiction and that such reliance establishes bad faith; (2) that Plaintiff's voluntary dismissal constitutes a "tacit acknowledgment" that its jurisdictional position lacked merit; (3) that Plaintiff vexatiously multiplied proceedings by allegedly repackaging claims in a subsequently filed Superior Court action and that post-dismissal developments independently justify sanctions; and (4) that Plaintiff violated the litigation-participant speech doctrine and applicable First Amendment limitations governing trial participants' extrajudicial statements.

2.     First, Plaintiff's counsel conducted a thorough and reasonable presuit investigation before filing suit and did not rely entirely on a single news article in alleging Defendant Banks' U.S. domicile. Although media coverage referenced Defendant Banks' move to Australia, at the time of filing suit in this Court a reasonable inquiry did not uncover any evidence, nor have Defendants provided any evidence of publicly available information stating that Defendant Banks' move was indefinite, a requirement for domicile.

3.     Defendant Banks admits she was previously domiciled in the United States. By Defendants' own admission, "[publicly accessible information] indicated that . . . [Defendant Banks'] domicile was in flux." (Defs.' Reply in Supp. of Mot. for Sanctions at 3.) However, "[f]or the purposes of diversity jurisdiction, courts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a new place is established. *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 126 (D.D.C. 2014) (citing *Desmare v. United States*, 93 U.S. 605 (1876)). Because a reasonable presuit inquiry did not uncover that Defendants established a foreign domicile as required to establish statelessness for the purposes of diversity jurisdiction, Plaintiff maintained a good faith belief that this Court had jurisdiction over this matter at the time of filing.

4.     Second, Plaintiff has never conceded its Complaint suffered from jurisdictional defects. The Court granted the dismissal under Rule 41(a)(1)(A)(i) without requiring any

explanation from Plaintiff or its counsel. Absent such requirement, Plaintiff and its counsel are not required to disclose their litigation strategy for voluntarily dismissing the case and filing suit elsewhere. Defendants point to *Weisman v. Rivlin*, 598 F. Supp. 724 (D.D.C. 1984) in claiming this Court sanctioned an attorney for filing a complaint which on its face disclosed a lack of diversity jurisdiction. Here, the asserted defect turns on domicile, a fact-intensive inquiry that courts repeatedly recognize as requiring evidence, intent analysis, and sometimes discovery or hearings. In *Weisman*, the jurisdictional defect was purely formal, facial, and undisputed: Plaintiff filed suit where one plaintiff and one defendant were both entities incorporated in Delaware. Even there, this Court imposed only modest, nominal sanctions.

5. Third, Plaintiff's refiling of substantially similar claims in the D.C. Superior Court after a voluntary dismissal does not constitute multiplication of proceedings as required by 28 U.S.C. § 1927. Defendants turn to *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364 (D.C. Cir. 1981) in claiming that Defendants are entitled to reimbursement for "any work product, whether it be evidence or motion papers, that was rendered useless by the dismissal of this action." *Id.* at 369–70. However, *GAF* involved a dismissal under Fed. R. Civ. P. 41(a)(2), where the rules specifically contemplate the Court granting a dismissal "on terms the court considers proper." In this matter, the case is brought under Fed. R. Civ. P. 41(a)(1)(A)(i), where the rules do not expressly provide that the court may issue conditions. As thoroughly briefed in Plaintiff's Opposition, that Defendants have filed a Motion to Dismiss and will now defend substantially similar claims in another court do not qualify as multiplication under 28 U.S.C. § 1927.[1]

---

[1] "The change in Rule 41(a)(1)(i) gives the service of a motion for summary judgment by the adverse party the same effect in preventing unlimited dismissal as was originally given only to the service of an answer. The omission of reference to a motion for summary judgment in the original rule was subject to criticism." Fed. R. Civ. P. 41 advisory committee's note to 1946 amendment (subdivision (a)).

6.  Fourth, Plaintiff and its counsel have not violated the litigation-participant speech doctrine and applicable First Amendment limitations governing trial participants' extrajudicial statements. First, *United States v. Trump* arose under a criminal jury trial and concerns prospective protective orders, not retrospective punishment. 88 F.4th 990, 1003–07 (D.C. Cir. 2023). This Court repeatedly stressed speech must be narrowly tailored and supported by record findings. Here, Defendants highlight no particular statements posing a "significant and imminent risk" to the proceedings. *Id.* at 1010–12. In short, *Trump* stands for judicial restraint paired with targeted intervention in extraordinary circumstances. It does not supply a general license to sanction civil litigants for extrajudicial speech absent a record of imminent, material interference with adjudication.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Sanctions in its entirety.

Dated: February 22, 2026                                 Respectfully submitted,

/s/ Arziki Adamu
Arziki Adamu (D.C. Bar No. 1738362)
Arziki Law
5731 6th St. NE
Washington, D.C. 20011
arziki@arzikilaw.com
*Counsel for Plaintiff 218 7th Street SE LLC*